Di v. Holder
BIA
Nelson, IJ
A089 906 269

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 28th day of March, two thousand thirteen.

PRESENT:
　　　　JOSÉ A. CABRANES,
　　　　BARRINGTON D. PARKER,
　　　　RICHARD C. WESLEY,
　　　　　　*Circuit Judges.*
_____

XIAN HUI DI,
　　　　*Petitioner,*

　　　v.　　　　　　　　　　　　　　　12-480
　　　　　　　　　　　　　　　　　　　NAC

ERIC H. HOLDER, JR., UNITED STATES ATTORNEY GENERAL,
　　　　*Respondent.*
_____

FOR PETITIONER:　　　Lee Ratner, New York, New York.

FOR RESPONDENT:　　　Stuart F. Delery, Acting Assistant
　　　　　　　　　　　Attorney General; Richard M. Evans,
　　　　　　　　　　　Assistant Director; Jeffrey J.
　　　　　　　　　　　Bernstein, Trial Attorney, Office of

**Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C.**

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Xian Hui Di, a native and citizen of the People's Republic of China, seeks review of a January 18, 2012, order of the BIA, affirming the March 17, 2010, decision of Immigration Judge ("IJ") Barbara A. Nelson, which denied her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Xian Hui Di*, No. A089 906 269 (B.I.A. Jan. 18, 2012), *aff'g* No. A089 906 269 (Immig. Ct. N.Y. City Mar. 17, 2010). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, the Court should consider both the IJ's and the BIA's opinions "for the sake of completeness." *Zaman v. Mukasey*, 514 F.3d 233, 237 (2d Cir. 2008). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

For asylum applications such as Di's, governed by the REAL ID Act, the agency may, considering the totality of the circumstances, base a credibility finding on an asylum applicant's demeanor, the plausibility of his account, and inconsistencies in his statements, without regard to whether they go "to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii).

In finding Di not credible, the agency reasonably relied in part on her demeanor, finding that Di's testimony was often evasive, hesitant, and non-responsive. *See Majidi v. Gonzales*, 430 F.3d 77, 81 n.1 (2d Cir. 2005). The IJ's demeanor findings were further supported by specific examples of Di's inconsistent testimony. *See Li Hua Lin v. U.S. Dep't of Justice*, 453 F.3d 99, 109 (2d Cir. 2006). In this regard, the agency reasonably found that Di failed to provide a consistent account of her employment history in China or to testify consistently regarding the year in which she was unable to work because she was taking care of her sick father. *See Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008) (per curiam). Furthermore, the agency reasonably relied on a discrepancy between Di's asylum application and testimony with regard to whether Di had been

3

in hiding continuously from the time that she discovered she was pregnant with her second child until that pregnancy allegedly was terminated, *see Iouri v. Ashcroft*, 487 F.3d 76, 81-82 (2d Cir. 2007), as well as on an inconsistency between Di's testimony and that of her witness, Pastor Xao Deng Pang, regarding the extent of their communications prior to her merits hearing, *see Xiu Xia Lin*, 534 F.3d at 167. A reasonable fact finder would not be compelled to credit Di's explanations for these inconsistencies. *Majidi*, 430 F.3d at 80-81.

The adverse credibility determination is further supported by Di's failure to present adequate corroboration of her claims of a forced abortion; an arrest, detention, and beating in 2007 for participating in underground church activities; and joining the Faith Bible Church after her arrival in the United States. *See Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007).

Ultimately, because a reasonable fact-finder would not be compelled to conclude to the contrary regarding the agency's demeanor, inconsistency, and lack of corroboration findings, the agency's adverse credibility determination is supported by substantial evidence. *See Xiu Xia Lin*, 534

4

F.3d at 165-66.  The agency's denial of Di's application for asylum, withholding of removal, and CAT relief was not in error as all three claims shared the same factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006) (withholding of removal); *Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 523 (2d Cir. 2006) (CAT).

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

5